## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANICE KONKOL, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:05-CV-2873 The Honorable Peter C. Economus |
| v. | ) ) | |
| DIEBOLD INC. WALDEN W. O'DELL, MICHAEL J. HILLOCK, DAVID BUCCI, KEVIN J. KRAKORA, THOMAS W. SWIDARSKI, ERIC C. EVANS, ROBERT UROSEVICH, GREGORY T. GESWEIN, and JOHN M. CROWTHER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| JAMES ZIOLKOWSKI, On Behalf of Himself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:05-CV-2912 The Honorable Peter C. Economus |
| v. | ) ) | |
| DIEBOLD, INCORPORATED, WALDEN W. O'DELL, ERIC C. EVANS, and GREGORY T. GESWEIN, | ) ) ) ) | |
| Defendants. | ) ) | |

[Additional Captions Appear On Next Page]

---

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
KORNITZER CAPITAL MANAGEMENT, INC. FOR (1) CONSOLIDATION
OF RELATED CASES, (2) APPOINTMENT AS LEAD PLAINTIFF,
AND (3) APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

---

| | | |
|---|---|---|
| ROGER GRAHAM, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:05-CV-2997 The Honorable Peter C. Economus |
| v. | ) ) | |
| DIEBOLD INC., WALDEN W. O'DELL, ERIC C. EVANS and GREGORY T. GESWEIN, | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| NEW JERSEY CARPENTERS PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:06-CV-0040 The Honorable James S. Gwin |
| v. | ) ) | |
| DIEBOLD, INC., WALDEN W. O'DELL, ERIC C. EVANS, and GREGORY T. GESWEIN, | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| SHELDON M. REIN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:06-CV-0296 The Honorable James S. Gwin |
| v. | ) ) | |
| DIEBOLD INC., WALDEN W. O'DELL, ERIC C. EVANS and GREGORY T. GESWEIN, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## I.    INTRODUCTION

Kornitzer Capital Management, Inc. ("KCM" or "Movant") respectfully submits this Memorandum of Law in Support of its Motion for Consolidation, Appointment as Lead Plaintiff, and for Approval of its Selection of Lead Counsel. As an institutional investor, KCM is uniquely qualified to serve as lead plaintiff on behalf of the class proposed in the above-referenced actions and is precisely the type of investor that Congress had in mind when it passed the Private Securities Litigation Reform Act ("PSLRA") in 1995. The legislative history of the PSLRA reflects that it was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, *inter alia,* such investors will possess substantial business acumen and, motivated by a significant financial interest in the outcome of the action, "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Rep. No. 104-369, at 34 (1995). See In re The Goodyear Tire & Rubber Co. Sec. Litig., No. 5:03-CV-2166, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 2004) (recognizing that "[t]he legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role") (citation omitted). As explained below, appointment of KCM as lead plaintiff in this consolidated securities action will fulfill the goal of the PSLRA.

Presently pending before this Court are at least five related securities class action lawsuits (the "Actions") brought on behalf of all of those persons or entities that have purchased or otherwise acquired the publicly-traded securities of Diebold, Incorporated ("Diebold" or the "Company") between October 22, 2003 and September 21, 2005 (the "Class Period").[1] Each of

---

[1]Some of the complaints filed in the Actions allege a Class Period ending on September 20, 2005. Differences in class periods will be resolved with the filing of a Consolidated Amended Complaint that becomes the operative complaint in this class action proceeding.

the Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934

(the "Exchange Act") (15 U.S.C. §§ 78(j)(b) and 78t(a)) and Rule 10b-5 promulgated thereunder

(17 C.F.R. § 240.10b-5). In addition, all of the Actions name as Defendants, Diebold and the

Company's top executives during the relevant period: the Company's then-Chairman of the

Board and Chief Executive Officer, Walter W. O'Dell ("O'Dell"), the Company's President and

Chief Operating Officer, Eric C. Evans ("Evans"), and Gregory T. Geswein ("Geswein"), who

was Senior Vice President and Chief Financial Officer of Diebold.[2]

As discussed below, consolidation of the five above-captioned actions is appropriate

because each alleges substantially identical claims based upon similar factual allegations against

most of the same Defendants. In addition, because Movant is the "most adequate" plaintiff to

represent those who purchased or otherwise acquired Diebold securities during the Class Period,

it should be appointed as lead plaintiff. KCM has selected and retained the Edgar Law Firm LLC

(the "Edgar Firm"), Shepherd Finkelman Miller & Shah, LLC ("SFMS"), and Chitwood Harley

Harnes LLP ("CHH") to serve as its lead counsel and Murray & Murray Co., L.P.A. to serve as

its liaison or local counsel. All of these firms have extensive experience in prosecuting

securities fraud and other complex litigation matters, including class actions, and that selection

should be approved.

---

[2]The first-filed complaint in <u>Konkol v. Diebold Inc.</u>, No. 5:05-CV-2873 (the "<u>Konkol</u> Action"), also alleges claims against the following officers of the Company: Michael J. Hillock, David Bucci, Kevin Krakora, Thomas W. Swidarski, Robert Urosevich, and John M. Crowther.

## II.  STATEMENT OF FACTS[3]

Diebold, an Ohio corporation with its principal offices in North Canton, Ohio, develops,

manufactures, and sells, *inter alia*, self-service transaction systems such as automated teller

machines ("ATMs") used by banks.  Complaint, ¶6.  More recently, Diebold has become a leader

in the development, manufacture, and sale of electronic voting systems.  The Class Period begins

on December 10, 2003 with the Company's announcement that a contract for electronic voting

machines had been finalized with San Diego County.  Complaint, ¶19.  The Class Period ends on

September 21, 2005, when the Company revealed that it was reducing 2005 third quarter and

year-end earnings expectations because revenue was expected to be significantly lower than

anticipated.  Complaint, ¶21.  In response to this news, the price of Diebold common stock

(which had closed as high as $57.00 per share during the Class Period) fell almost $7.00 per

share from the previous day's close of $44.37 per share (to $37.47 per share) on exceptionally

heavy trading volume.  Complaint, ¶22.

During the Class Period, it is alleged that Defendants knew, but concealed, that Diebold

was unable to assure the quality and working order of its electronic voting machines, that the

Company lacked any credible internal controls and corporate compliance, that the settlement

with the State of California, which was announced by the Company on November 10, 2004, was

merely a subterfuge to hide a host of wide-ranging internal problems within the Company, and

that Diebold's estimate of restructuring charges was vastly understated given the scope of

_____

[3]These facts are based upon the complaint filed on December 13, 2005 in the Konkol
Action (the "Complaint").

problems facing the Company.  Complaint, ¶23.[4]

## III.  ARGUMENT

### A.  The Actions Should Be Consolidated For All Purposes.

Consolidation is appropriate where there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42(a).  Pending before this Court are the five above-captioned, related Actions, each of which asserts class claims for violation of the Exchange Act on behalf of those who purchased or otherwise acquired Diebold securities during the Class Period.  All the Actions name the Company, O'Dell, Evans, and Geswein as Defendants and involve the same factual and legal issues – specifically, whether the plaintiffs purchased or otherwise acquired the publicly traded securities of Diebold at prices which were artificially inflated as a result of Defendants' false and misleading statements, and whether Defendants' acts violate Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.  Accordingly, the test for consolidation is met here.  See, e.g., Norris v. Cincinnati Bell Telephone Co., No. Civ. A. C-1-02-183, 2002 WL 31556519, at *1 (S.D. Ohio Oct. 24, 2002) (consolidation ordered pursuant to Rule 42(a) where two "cases concern[ed] common questions of fact and law"); see generally In re Telxon Corp. Sec. Litig., 67 F.Supp.2d 803, 824 (N.D. Ohio 1999) (consolidating 27 related securities actions); In re Cendant Corp. Litig., 182 F.R.D. 476, 478 (D.N.J. 1998) ("[C]onsolidation is common in federal securities class action cases").  Moreover, consolidation

---

[4]The complaint filed in the second related Action, Ziolkowski v. Diebold, Incorporated, Walden W. O'Dell, Eric C. Evans, and Gregory T. Geswein, No. 5:05-CV-2912 (the "Ziolkowski Complaint"), expands on the allegations asserted in the Konkol Action, and further alleges, inter alia, that the Company's financial statements for fiscal year 2004 and the first two quarters of 2005 were misstated due to improper accounting for commission expenses and that, despite claims to the contrary, Diebold's North American market share for ATMs was eroding due to increased competition. Ziolkowski Complaint, ¶¶6, 35.

will result in substantial efficiencies for the Court and the parties. Therefore, the above-captioned Actions should be consolidated for all purposes.

> **B.      Movant Is The Most Adequate Applicant And Should Be Appointed Lead Plaintiff.**
>
>> **1.      Movant Has Complied with the Notice and Filing Provisions of the PSLRA**

The PSLRA establishes a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(i). Pursuant to this procedure, the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action. This notice must inform class members of their right to file a motion for appointment as lead plaintiff. See 15 U.S.C. §78u-4(a)(3)(A)(i). Within sixty (60) days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Here, the notice in the first-filed Action was published on December 13, 2005, following the filing of the Complaint in the first-related Action. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on February 13, 2006. See 15 U.S.C. §78u- 4(a)(3)(A) and (B). Movant now timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The Certification of KCM, which is attached hereto as Exhibit "A," states that a duly authorized representative of KCM has reviewed the allegations of the Ziolkowski Complaint and that KCM is willing to serve as a representative on behalf of the class. In addition, KCM has

selected and retained competent counsel to represent it and the class. The firm resumes for the Edgar Firm, SFMS, and CHH are collectively attached hereto as Exhibit "B." Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its motion for appointment as lead plaintiff granted, and its selection of the Edgar Firm, SFMS, and CHH as lead counsel approved by the Court.

## 2. Movant Suffered The Largest Loss Of Any Other Movant.

The PSLRA provides that within ninety (90) days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. See 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
>
> > (aa) has either filed the complaint or made a motion in response to a notice...;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). See In re Goodyear Tire & Rubber Co. Sec. Litig., 2004 WL 3314943, at *2 (quoting statute); In re Cardinal Health, Inc. Sec. Litig., 226 F.R.D. 298, 302 (S.D. Ohio 2005) (same).

During the Class Period, KCM purchased Diebold common stock and suffered significant

losses. Specifically, as reflected in its Certification (Exhibit "A"), KCM purchased 58,150 shares

of Diebold common stock during the Class Period and has suffered estimated losses in the

amount of $456,774.12,[5] which demonstrates KCM's financial interest in the outcome of this

action. To the best of Movant's knowledge, there are no other applicants seeking appointment as

lead plaintiff that have a larger financial interest. Therefore, KCM satisfies all of the PSLRA's

prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead

Plaintiff pursuant to 15 U.S.C. §78u-4 (a)(3)(B).

**3.     No Grounds Exist To Challenge KCM's Adequacy As Lead Plaintiff.**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure." In selecting a lead plaintiff, it

is well established that the Court should limit its inquiry to the typicality and adequacy prongs of

Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves

for class certification. See In re Telxon Corp., 67 F.Supp.2d at 807 n.10 (holding that only

typicality and adequacy are "[o]f principle concern with respect to the lead plaintiff

determination"); In re Goodyear Tire & Rubber Co., 2004 WL 3314943, at *6 (focusing on

---

[5]A chart reflecting the calculation of KCM's losses is attached hereto as Exhibit "C."
Under the Exchange Act, losses on retained shares are calculated as the difference between the
purchase price paid and the mean trading price over a 90-day period beginning after the close of
the class period. See 15 U.S.C. § 78u-4(e)(1). Here, the mean or average closing price for
Diebold common stock between September 22, 2005 and December 22, 2005 was $36.63 per
share. The losses suffered by KCM are not the same as its legally compensable damages, the
measurement of which is often a complex legal question which cannot be determined at this
stage of the litigation. There are several ways to calculate losses. KCM calculated its losses
using the following formula: Total Cost of Shares Purchased during the Class Period minus Total
Sales Proceeds received from selling shares of Diebold stock during the Class Period minus
Retained Value of those shares still held at the end of the Class Period.

typicality and adequacy in connection with lead plaintiff appointment); cf., In re Cardinal Health, 226 F.R.D. at 304 (noting that only typicality and adequacy "directly address the personal characteristics of class representatives") (citation omitted).  KCM should be appointed lead plaintiff because it satisfies the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical – but not identical – of those of the class.  The typicality requirement is satisfied if there exists a "sufficient relationship ... between the injury to the named representative and the conduct affecting the class." In re Goodyear Tire & Rubber Co., 2004 WL 3314943, at *6.  See also In re American Medical Systems, Inc., 75 F.3d 1069, 1082 (6th Cir. 1996) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory") (citation omitted); In re Telxon, 67 F.Supp.2d at 824 (typicality requirement met where the claims of the proposed lead plaintiff and those of the class "are based on the same types of alleged misrepresentations and omissions").  Here, KCM satisfies this requirement because, just like all other class members, it purchased or otherwise acquired Diebold common stock during the Class Period; the prices at which those purchases were made were artificially inflated because of Defendants' materially false and misleading statements and/or omissions; and it suffered damages as a result of Defendants' conduct.  Thus, KCM's claims arise out of the same course of events as those of other class members and are typical.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  In this Circuit, two criteria are used to determine adequacy: "the class representative must have common interests with those unnamed class members" and "it must

appear that the class representative will vigorously prosecute the action with the assistance of qualified counsel." In re Goodyear Tire & Rubber Co., 2004 WL 3314943, at *7 (citing In re American Medical Systems, Inc., 75 F.3d at 1083). See also In re Cardinal Health, 226 F.R.D. at 304-305 (adequacy standard met "if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation") (citation omitted). The court in American Medical Systems further observed that "[t]he adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." Id., 75 F.3d at 1083.

Here, KCM is an adequate representative of the class. Like the class, KCM has sustained substantial damages as a result of its purchase or acquisition of Diebold common stock and would benefit from the same relief. Furthermore, there is no evidence of any antagonism between KCM and the class. In addition, Movant's proposed lead counsel and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional and thorough manner. Having suffered significant losses, KCM also is motivated to vigorously prosecute this action. Thus, KCM satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**C.     The Court Should Approve KCM's Choice of Counsel.**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. KCM has selected the Edgar Firm, SFMS, and CHH to serve as lead counsel in this case and has selected Murray & Murray Co., L.P.A. to serve as liaison counsel. These firms have substantial experience in the prosecution of

shareholder, securities and other complex litigation, and have the resources necessary to efficiently conduct this litigation. Accordingly, the Court should approve KCM's selection of lead counsel.

## IV.    CONCLUSION.

For all the foregoing reasons, Movant respectfully requests that the Court: (i) consolidate these actions; (ii) appoint KCM as lead plaintiff in this consolidated action; and (iii) approve Movant's selection of Shepherd, Finkelman, Miller & Shah, LLC, the Edgar Law Firm LLC, and Chitwood Harley & Harnes LLP to serve as lead counsel and Murray & Murray Co., L.P.A. to serve as liaison counsel.

Dated: February 13, 2006                    Respectfully submitted,

                                            MURRAY & MURRAY CO., L.P.A.


                                            /s/ Dennis E. Murray, Jr.
                                            Dennis E. Murray, Jr. (0038509)
                                            111 East Shoreline Drive
                                            Post Office Box 19
                                            Sandusky, Ohio 44871-0019
                                            (419) 624-3000
                                            (419) 624-0707 (facsimile)

                                            EDGAR LAW FIRM LLC
                                            John M. Edgar
                                            John F. Edgar
                                            4520 Main Street, Suite 1650
                                            Kansas City, Missouri  64111
                                            (816) 531-0033
                                            (816) 531-3322 (facsimile)

SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
James E. Miller
Patrick A. Klingman
Karen M. Leser
65 Main Street
Chester, Connecticut  06412
(860) 526-1100
(860) 526-1120 (facsimile)

CHITWOOD HARLEY HARNES, LLP
Martin D. Chitwood
Lauren S. Antonino
1230 Peachtree Street, NE
2300 Promenade II
Atlanta, Georgia  30309
(404) 873-3900
(404) 876-4476 (facsimile)

SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
James C. Shah
Nathan Zipperian
35 East State Street
Media, Pennsylvania 19063
(610) 891-9880
(610) 891-9883 (facsimile)

Attorneys for Movant,
Kornitzer Capital Management, Inc.