# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: DIEBOLD SECURITIES LITIGATION;** | ) ) ) ) ) ) ) ) ) | **CASE NO. 5:05 CV 2873**<br><br>Consolidating:  5:05 CV 2873<br> 5:05 CV 2912<br> 5:05 CV 2997<br> 5:06 CV 0040<br> 5:06 CV 0296 |
| **IN RE: DIEBOLD ERISA LITIGATION;** | ) ) ) ) ) ) ) | **CASE NO. 5:06 CV 0170**<br>Consolidating:<br> 5:06 CV 0170<br> 5:06 CV 0307<br> 5:06 CV 0324<br> 5:06 CV 0361 |
| **IN RE: DIEBOLD DERIVATIVE LITIGATION** | ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 5:06 CV 0233**<br>Consolidating:<br> 5:06 CV 0233<br> 5:06 CV 0418<br><br><br>**JUDGE PETER C. ECONOMUS**<br><br>**<u>CONSOLIDATION ORDER</u>** |

This matter is before the Court upon Defendants' and Plaintiffs' Motions to Consolidate Cases filed in numerous lawsuits pending in the Northern District of Ohio (collectively, the "Actions").[1]  For the reasons that follow, Defendants' Motion is **GRANTED IN PART**[2] and Plaintiffs' Motions are **GRANTED IN PART** in accordance with the terms of this Order**.**[3]

## I.  BACKGROUND

The Actions involve allegations against Diebold, Inc. ("Diebold") and/or its current and former directors and officers (the "Individual Defendents") and related parties (collectively, "Defendants") relating to alleged misrepresentations and omissions made by officers and directors at Diebold.  Each of the Actions falls into one of three categories:  1) five of the Actions assert federal securities claims on behalf of shareholders of Diebold ("Securities Actions");  2) four of the Actions assert claims pursuant to the Employee

---

[1] The following cases are pending in the Northern District of Ohio: No. 05 CV 2873, No. 5:05 CV 2912, No. 5:05 CV 2997, No. 5:06 CV 040, No. 5:06 CV 0296, No. 5:06 CV 0170, No. 5:06 CV 307, No. 5:06 CV 324, No. 5:06 CV 361, No. 5:06 CV 233, and No. 5:06 CV 418.

[2] Defendants' Motion for Consolidation appears in the following cases: (No. 05 CV 2873, Dkt. # 32); ( No. 05 CV 2912, Dkt. # 20); (No. 05 CV 2997, Dkt. # 18); (No. 05 CV 0040, Dkt. #23).

[3] The following Motions for Consolidation filed by the Plaintiffs are granted: (No. 06 CV 0296, Dkt. #16); (No. 06 CV 0418, Dkt. # 3); (No. 06 CV 0233, Dkt. #7); (5:05 CV 2873, Dkt. # 18); (5:05 CV 2912, Dkt. # 9); (5:05 CV 2997, Dkt. # 7); (5:05 CV 040, Dkt. # 10, 11); (5:06 CV 296, Dkt. # 6).  The following Motions for Consolidation are granted in part: (No. 5:06 CV 170, Dkt. # 5, 6); (No. 5:06 CV 307, Dkt. # 6); (5:06 CV 324, Dkt. # 7); (5:06 CV 351, Dkt. # 4).  The remaining motions filed by Plaintiffs are denied**:**  (5:05 CV 2873, Dkt. # 13); (5:05 CV 2912, Dkt. # 6); (5:05 CV 2997, Dkt. # 4); (5:06 CV 040, Dkt. # 7); (5:06 CV 296, Dkt. # 3).

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et. seq., by purported participants in the Diebold 401(k) Savings Plan, on behalf of themselves and others similarly situated (the "ERISA Actions"); and 3) two of the Actions assert derivative claims on behalf of Diebold against certain Individual Defendants (the "Derivative Actions").

### A. Securities Actions

There are currently a series of putative class actions pending in this Court naming Diebold and related parties as defendants in claims brought under the Securities Exchange Act of 1934, Rule 10b-5 and related theories based on alleged misrepresentations and omissions during the same class periods. (No. 5:06 CV 2297, Dkt. # 1). The Plaintiffs in the Securities Actions allege that misrepresentations or omissions caused artificial inflation in Diebold's stock price during the class period, and seek relief on behalf of people who acquired Diebold stock in the open market. The Securities Actions include the following:

| **Caption** | **Case No.** |
| --- | --- |
| Konkol v. Diebold, Inc., et. al | 05 CV 2873 |
| Ziolkowski v. Diebold, Inc., et. al | 05 CV 2912 |
| Graham v. Diebold, Inc., et. al | 05 CV 2997 |
| New Jersey Carpenters Pension Fund v. Diebold, Inc. et. al | 06 CV 040 |
| Rein v. Diebold, Inc., et. al | 06 CV 296 |

On February 13, 2006, Janice Konkol ("Konkol"), a Plaintiff in the Securities Actions, filed a Motion for Consolidation on behalf of class members International Union of

Operating Engineer Local 825 Pension Funds, Stephan W. Tilton, and Joe B. Young (collectively, the "Diebold Lead Plaintiff Group").  (No. 5:05 CV 2873, Dkt. # 13, 18).  The Diebold Lead Plaintiff Group requested that the court consolidate the Securities Actions against Diebold, and approve their selection of Scott + Scott, LLC and Milberg Weiss Bershad & Schulman LLP as Lead Counsel and Strauss & Troy as Liaison Counsel for the Securities Actions.

Initially, the selection of lead plaintiff and lead counsel by Konkol was contested by the other four Securities Actions Plaintiffs, James Ziolkowski ("Ziolkowski"), Roger Graham ("Graham"), Sheldon Rein ("Rein"), and New Jersey Carpenters Pension Funds.  (No. 5:05 CV 2912, Dkt. # 6); (No. 5:05 CV 2997, Dkt. # 4, 7); (No. 5:06 CV 296, Dkt. #3); (No. 5:06 CV 040, Dkt. #7).  However, the four Plaintiffs subsequently withdrew their motions for consolidation, and all Plaintiffs in the Securities Actions agree to the selection of the Diebold Lead Plaintiff Group and the designation of lead counsel.  (No. 5:05 CV 2912, Dkt. # 9); (No. 5:06 CV 040, Dkt. #10, 11); (No. 5:06 CV 2997, Dkt. #14); (No. 5:06 CV 296, Dkt. #6).

### B. ERISA Actions

There are also a series of pending cases under ERISA, 29 U.S.C. §§ 1001, et. seq. Each case alleges that Diebold and the related parties violated fiduciary duties during the class period, causing harm to persons who acquired Diebold stock through the company's 401(k) plan.  The ERISA Actions include the following:

| **Caption** | **Case No.** |

| | |
|---|---|
| Vincent McDermott v. Diebold, Inc. | 06 CV 0170 |
| Walter C. Farrell, Jr. V. Diebold, Inc. | 06 CV 307 |
| Liberto Forbes v. Diebold, Inc. | 06 CV 324 |
| Brenda J. Barnett v. Diebold, Inc. | 06 CV 361 |

On February 23, 2006, Vincent McDermott ("McDermott") and Liberto Forbes ("Forbes"), two of the four plaintiffs in the ERISA Actions, filed a joint Motion for Consolidation of Related ERISA Actions, Appointment as Lead Plaintiff and Appointment of Lead and Liaison Counsel. (No. 5:06 CV 324, Dkt. #7); (No. 5:06 CV 170, Dkt. # 5, 6). On February 28, 2006, a Motion to Consolidate was also filed by plaintiff Walter Farrell ("Farrell"). (No. 5:06 CV 307, Dkt. #6). The remaining ERISA plaintiff, Brenda Barnett, filed a Response to the McDermott/Farrell motions on March 9, 2006, agreeing that the ERISA Actions should be consolidated. (No. 5:06 CV 361, Dkt. #4). The ERISA plaintiffs, however, are in dispute over the selection of lead plaintiff, lead counsel, and liaison counsel.[4]

**C. Derivative Actions**

Finally, there are two derivative actions currently pending before the Court. These

---

[4] McDermott and Forbes ask the Court to appoint Schatz & Nobel, P.C. and Schiffrin & Barroway, LLP as lead counsel and Goldman Scarlato & Karon, P.C. as liaison counsel. (No. 5:06 CV 0170, Dkt. # 5). Farell ask the Court to appoint him lead plaintiff and designate Wechsler Harwood, LLP as lead counsel and Climaco, Lefkowitz, Peca, Wilcox, & Garofoli, Co., LPA as liaison counsel. (No. 5:06 CV 0170, Dkt. # 6). Barnett opposes the appointment of Farell as lead counsel, and asks the Court to appoint Stull, Stull & Brody as lead counsel and Clark, Perdue, Arnold & Scott Co., L.P.A. as interim liaison counsel. (No. 5:06 CV 0170, Dkt. # 7).

cases allege that defendant officers and directors of Diebold breached fiduciary duties owed to the company on the basis of the same alleged misstatements set forth in the Securities Actions and the ERISA Actions. The Derivative Actions include the following:

| **Caption** | **Case No.** |
|---|---|
| Minna Recht v. Walden W. O'Dell | 06 CV 233 |
| Sam Wietschner v. Walden W. O'Dell | 06 CV 418 |

On March 30, 2006, Minna Recht ("Recht") and Sam Wietschner ("Wietschner") filed a Response to Defendant's Motion to Consolidate Related Actions. (No. 5:06 CV 233, Dkt. # 10). The actions filed by Recht and Wietschner are the only two derivative actions pending against Diebold. Recht and Wietscher agree with the Motion to Consolidate filed by Diebold, seeking the consolidation of all Derivative Actions into one action and ask to be appointed lead plaintiffs in the consolidated Derivative Actions. (No. 5:06 CV 233, Dkt. # 10). Recht and Wietschner also ask the Court to designate Federman & Sherwood and Bull & Lifshitz, LLP as lead counsel and Weisman, Kennedy & Berris Co., LPA as liaison counsel for the consolidated Derivative Actions.

## II. MOTION FOR CONSOLIDATION

All Plaintiffs agree that the actions should be consolidated into three classes: 1) the Securities Actions; 2) the ERISA Actions; and 3) the Derivative Actions. Accordingly, it is hereby ORDERED that:

1. **TRACK ASSIGNMENT:** The consolidated cases established herein are assigned to the complex case management track in accordance with Local Rule 16.2.

2. **ELECTRONIC FILING:** Counsel will use electronic filing and service with respect to all documents and exhibits.

3. **CONSOLIDATION:**

    A. <u>**The Securities Actions:**</u> All of the Securities Actions shall be consolidated and styled <u>In Re Diebold Securities Litigation</u>, 5:06 CV 2873.  Any pending action and any action subsequently filed, transferred, or removed that arises out of the subject matter of any of the Securities Actions shall be so consolidated.

The following Securities Actions shall be organized under the caption <u>In Re Diebold Securities Litigation</u>, 5:06CV2873.

| | |
|---|---|
| <u>Janice Konkol v. Diebold, Inc.</u>, *et. al* | 5:06 CV 2873 |
| <u>Ziolkowski v. Diebold, Inc.</u>,*et. al* | 5:05 CV 2912 |
| <u>Graham v. Diebold, Inc.</u>, *et. al* | 5:05 CV 2997 |
| <u>New Jersey Carpenters Pension Fund v. Diebold, Inc.</u> *et. al* | 6:06 CV 040 |
| <u>Rein v. Diebold, Inc.</u>, *et. al* | 6:06 CV 296 |

From the date of this Order, case number 5:06 CV 2873 shall serve as the Diebold Securities Litigation Master File.  **Counsel shall file all pleadings and documents pertaining to any of the consolidated Securities Actions ONLY under case number 5:06**

**CV 2873  and NOT in the individual Securities Actions.**

B.  **The ERISA Actions:**  All of the ERISA Actions shall be consolidated and styled <u>In Re Diebold Diebold ERISA Litigation</u>, 5:06 CV 170.  Any pending action and any action subsequently filed, transferred, or removed that arises out of the subject matter of any of the ERISA Actions shall be so consolidated.

The following ERISA Actions shall be organized under the caption <u>In Re Diebold ERISA Litigation</u>, 5:06 CV 170.

| | |
|---|---|
| <u>Vincent McDermott v. Diebold, Inc</u>. | 5:06 CV 170 |
| <u>Walter C. Farrell, Jr. V. Diebold, Inc.</u> | 5:06 CV 307 |
| <u>Liberto Forbes v. Diebold, Inc.</u> | 5:06 CV 324 |
| <u>Brenda J. Barnett v. Diebold, Inc</u>. | 5:06 CV 361 |

From the date of this Order, case number 5:06 CV 170 shall serve as the Diebold ERISA Litigation Master File.  **Counsel shall file all pleadings and documents pertaining to any of the consolidated ERISA Actions ONLY under case number 5:06 CV 170 and NOT in the individual ERISA Actions.**

C.  **The Derivative Actions:**  All of the Derivative Actions shall be consolidated and styled <u>In Re Diebold Derivative Litigation</u>, 5:06 CV 233.  Any pending action and any action subsequently filed, transferred, or removed that arises out of the subject matter of any of the Derivative Actions shall be so consolidated.

The following Derivative Actions shall be organized under the caption <u>In Re Diebold Derivative Litigation</u>, 5:06 CV 233.

<u>Minna Recht v. Walden W. O'Dell</u>                                     5:06 CV 233

<u>Sam Wietschner v. Walden W. O'Dell</u>                              5:06 CV 418

From the date of this Order, case number 5:06 CV 233 shall serve as the Diebold Derivative Litigation Master File.  **Counsel shall file all pleadings and documents pertaining to any of the consolidated Derivative Actions ONLY under case number 5:06 CV 233 and NOT in the individual Derivative Actions.**

4. **NEWLY FILED, TRANSFERRED OR REMOVED ACTIONS:** Counsel shall call to the attention of the Clerk of Courts the filing, transfer, or removal of any case that might properly be consolidated with one of the three consolidated actions.

When an unconsolidated case arises out of the same subject matter as one of the consolidated actions, the Clerk of Court shall: 1) file a copy of this Order in the individual file for such unconsolidated action; and 2) make the appropriate entry in the applicable consolidated action.

5. **APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL.**

    A. **The Securities Actions:** Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), this Court appoints the class members International Union of Operating Engineers Local 825 Pension Funds, Orchard

Limited, Stephan W. Tilton, and Joe B. Young, the "Diebold Lead Securities Plaintiff Group." This Court also approves Diebold Lead Securities Plaintiff's selection of Scott + Scott, LLC and Milberg Weiss Bershad and Schulman LLP as Lead Counsel and Strauss & Troy as Liaison Counsel pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, the Diebold Lead Plaintiff Securities Plaintiff Group's Motions for Consolidation are **GRANTED.**  (No. 06 CV 0296, Dkt. #16); (No. 06 CV 0418, Dkt. # 3); (No. 06 CV 0233, Dkt. #7); (5:05 CV 2873, Dkt. # 18); (5:05 CV 2912, Dkt. # 9); (5:05 CV 2997, Dkt. # 7); (5:05 CV 040, Dkt. # 10, 11); (5:06 CV 296, Dkt. # 6).

    B. **The ERISA Actions:** The Court will hold a hearing regarding the designation of lead plaintiff and lead counsel on <u>November 22, 2006 at 1:30 p.m.</u> at the <u>Thomas D. Lambros Federal Courthouse, Courtroom 351, Youngstown, Ohio</u>. Only counsel for movants in the ERISA actions and counsel for Defendants need appear.

Accordingly, the Diebold Lead ERISA Plaintiff Group's Motions for Consolidation are **GRANTED IN PART.**  (No. 5:06 CV 170, Dkt. # 5, 6); (No. 5:06 CV 307, Dkt. # 6); (5:06 CV 324, Dkt. # 7); (5:06 CV 351, Dkt. # 4).

    C. **The Derivative Actions:** With respect to the designation of lead plaintiff and lead counsel, this Court appoints Recht and Wietschner as the "Diebold Lead Derivative Plaintiff Group." The Court also approves Diebold Lead Derivative Plaintiff Group's selection of Federman & Sherwood and Bull & Lifshitz, LLP as lead counsel and Weisman, Kennedy & Berris Co., LPA as liaison counsel for the consolidated Derivative Actions.

Accordingly, the Diebold Lead Derivative Plaintiff Group's Motions for Consolidation are **GRANTED**.

6.  **STAY OF DISCOVERY:** Discovery in all of the Actions and consolidated actions contemplated in this order, including Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, shall be stayed until the Court holds a Case Management Conference in accordance with Local Rule 16.3(b).

7.  **CASE MANAGEMENT CONFERENCE:** The Court will schedule a Case Management Conference in accordance with Local Rule 16.3(b) following the appointment of lead plaintiffs and lead counsel in the ERISA Actions.

8.  **FILING OF THIS ORDER BY THE CLERK OF COURT:** The Clerk of Court shall file a copy of this Order in each of the three consolidated actions established herein, and in each of the individual Actions.

9.  **IMPROPER FILING BY COUNSEL:** The Court will automatically strike any filings not in compliance with this Order.  The Court may apply additional sanctions for improper filing.

        **IT IS SO ORDERED.**

        *s/ Peter  C.  Economus* **- October, 20  2006**
        **PETER C. ECONOMUS**
        **UNITED STATES DISTRICT JUDGE**